UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
RICHARD AGNOLETTO,

                                    Plaintiff,

     - against -

NATIONAL LIFE INSURANCE COMPANY,

                                    Defendant.
-------------------------------------------------------------------x

**AMENDED COMPLAINT**

12 Civ. 02254 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/4/12

        Plaintiff RICHARD AGNOLETTO, by his attorneys, the Law Office of Christopher P. Foley, LLC, as and for an amended complaint against the above-captioned defendant, respectfully alleges as follows:

## JURISDICTION AND VENUE

        1.    This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and specifically 29 U.S.C. § 1132(a)(1)(B).

        2.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f).

        3.    Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), because the subject breach took place in the Southern District of New York.

## THE PARTIES

        4.    At all times relevant to this action, plaintiff RICHARD AGNOLETTO ("AGNOLETTO") was and is a natural person residing at 12 Mayflower Drive, Yonkers, New York.

        5.    At all times relevant to this action, defendant NATIONAL LIFE INSURANCE COMPANY ("NLIC") was and is an insurance company

domiciled in the State of Vermont and duly authorized to conduct business in the State of New York.

## BACKGROUND

6. In or about July 1993, NLIC did issue to AGNOLETTO, for good and valuable consideration, a disability income insurance policy denominated policy number NLD245655 (the "policy").

7. The policy is, or is a component of, an ERISA-controlled employee welfare benefit plan.

8. The policy does <u>not</u> confer upon NLIC or anyone else discretionary authority to interpret policy terms and/or to render determinations concerning benefit eligibility.

9. In or about July 2009, while the policy was in full force and effect, AGNOLETTO became "disabled," as that term is defined by the policy.

10. Thereafter, AGNOLETTO timely submitted a claim under the policy, which claim NLIC subsequently approved, deeming AGNOLETTO eligible for the policy's total disability and waiver of premium benefits.

11. AGNOLETTO received disability benefits under the policy from the time of the approval up until June 2011, at which time he was advised by NLIC (by letter dated June 21, 2011) that his claim was being terminated and that no additional disability benefits would be paid.

12. At or about the time that NLIC terminated AGNOLETTO's disability benefits, it also deemed him no longer eligible for the policy's "waiver of premium" benefit.

13. By letter dated August 9, 2011, AGNOLETTO timely appealed, and by letter dated September 13, 2011, NLIC denied the appeal.

14.   AGNOLETTO has exhausted his administrative remedies.

## AS AND FOR A FIRST CAUSE OF ACTION

15.   AGNOLETTO repeats and realleges paragraphs "6" through "14," as if herein set forth at length.

16.   Contrary to the position adopted by NLIC in June 2011, AGNOLETTO was and remains unable to engage in the material and substantial managerial and administrative duties of his regular occupation, and he was and is thus "totally disabled," as that term is defined by the policy.

17.   NLIC's decision to terminate disability benefits in June 2011 thus constitutes a violation of AGNOLETTO's rights under ERISA, rendering NLIC liable to AGNOLETTO for the sum of all disability benefits denied him from June 2011 up to and including the date of judgment herein (together with prejudgment interest at a rate to be established by the Court), entitling AGNOLETTO to be restored to claim and entitling AGNOLETTO to be awarded his attorney's fees and costs herein.

## AS AND FOR A SECOND CAUSE OF ACTION

18.   AGNOLETTO repeats and realleges paragraphs "6" through "14," as if herein set forth at length.

19.   In the alternative, contrary to the position adopted by NLIC in June 2011, AGNOLETTO was and remains restricted -- both in terms of time and in terms of effectiveness -- in his ability to perform the material and substantial managerial and administrative duties of his regular occupation, and he was and is thus "residually disabled," as that term is defined by the policy.

20.   NLIC's decision to terminate disability benefits in June 2011 thus constitutes a violation of AGNOLETTO's rights under ERISA, rendering

NLIC liable to AGNOLETTO for the sum of all disability benefits denied him from June 2011 up to and including the date of judgment herein (together with prejudgment interest at a rate to be established by the Court), entitling AGNOLETTO to be restored to claim and entitling AGNOLETTO to be awarded his attorney's fees and costs herein.

## AS AND FOR A THIRD CAUSE OF ACTION

21.  AGNOLETTO repeats and realleges paragraphs "6" through "14," as if herein set forth at length.

22.  Additionally, contrary to the position adopted by NLIC in June 2011, AGNOLETTO was and remains unable to return to work full time in his regular occupation, and he was and is thus eligible for the policy's "waiver of premium" benefit.

23.  NLIC's decision to terminate "waiver of premium" benefits in June 2011 thus constitutes a violation of AGNOLETTO's rights under ERISA, entitling AGNOLETTO to have his coverage under the policy restored retroactively to June 2011 and entitling AGNOLETTO to be awarded his attorney's fees and costs herein.

**WHEREFORE** AGNOLETTO demands judgment:

(i)  on his claim for total disability benefits, awarding him the sum of all disability benefits wrongfully withheld from him from June 2011 up to and including the date of judgment herein, plus interest, costs and attorney's fees, and restoring him to claim;

(ii) on his claim for residual disability benefits, awarding him the sum of all disability benefits wrongfully withheld from him from June 2011 up to and including the date of judgment herein, plus interest, costs and attorney's fees, and restoring him to claim;

(iii) on his claim for the "waiver of premium" benefit, awarding him the restoration of his coverage under the policy retroactive to June 2011, plus costs and attorney's fees; and

(iv) for such other and further relief as this Court may deem just and proper.

Dated: Katonah, New York
June 1, 2012

                          Yours, etc.,

                          LAW OFFICE OF
                            CHRISTOPHER P. FOLEY, LLC

                        By: _____
                             Christopher P. Foley (CF 6079)

Attorneys for Plaintiff
Office and P.O. Address
The Katonah Professional Building
51 Bedford Road
Katonah, New York  10536
(914) 301-5925